IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2014 JUN -3  A 11: 32

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PRO LAWNS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:14–CV–408 |
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND; and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

COMES NOW the Plaintiff, Pro Lawns, Inc., and for its Complaint against Defendants, Fidelity and Casualty Company of Maryland and Traveler's Casualty and Surety Company America, states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff, Pro Lawns, Inc. ("Plaintiff"), is an Alabama corporation with its principal place of business in Auburn, Lee County, Alabama.

2.  Defendant, Fidelity and Deposit Company of Maryland ("F&D") is a foreign corporation with its principal place of business in Schaumburg, Illinois. F&D is registered with the Alabama Secretary of State as being authorized to do business in the State of Alabama.

3.  Defendant, Travelers Casualty and Surety Company of America ("Travelers), is a foreign corporation with its principal place of business in Hartford, Connecticut. Travelers is registered with the Alabama Secretary of State as being authorized to do business in the State of

Alabama. F&D and Travelers shall sometimes be collectively referred to herein as "Defendants."

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that there exists complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Middle District of Alabama, Eastern Division, because the contract giving rise to this action was performed in Auburn, Lee County, Alabama.

## FACTUAL ALLEGATIONS

6. W.G. Yates & Sons Construction Company ("Yates") entered into a Contract with Auburn University, an Alabama public academic institution, to serve as the General Contractor and to furnish the materials and perform the labor for the construction of certain improvements to the South Donahue Residence Hall and Parking Facilities, located on the campus of Auburn University (the "Project"), and in accordance with the specifications contained in the Contract for the consideration of a set sum figure to be paid by Auburn University to Yates.

7. On or about April 5, 2012, and pursuant to the terms of the Contract, F&D and Travelers, as co-sureties, and Yates, as principal, executed and delivered to Auburn University their bonds, conditioned as required by the "Little Miller Act," Ala. Code § 39–1–1 (1975), *et. seq.*, for the protection of all persons supplying materials and labor in the prosecution of the work provided for in the Contract. The collective penal sum of the bonds was $23,112,000.00.

8. On or about October 19, 2012, Yates entered into a Subcontract Agreement (the "Subcontract Agreement"), Contract No. 51217–6725, with Plaintiff. The Subcontract

Agreement provided that Plaintiff was to "provide all labor, material, equipment and accessories necessary to provide a complete turn-key package for landscaping and irrigation" for the Project.

9. The Subcontractor Agreement further provided that in consideration of Plaintiff performing the work as set forth therein Yates would honor the applications for payment submitted by Plaintiff, provided that certain conditions precedent had been met. The original total subcontract sum to be paid to Plaintiff under the Subcontract Agreement was $238,800.00.

10. In or about mid-July 2013, Plaintiff commenced work on the Project. From July through November 2013, Plaintiff performed the work directed by Yates. During Plaintiff's performance of its work under the Subcontract Agreement, certain circumstances beyond the control of Plaintiff required Plaintiff to submit various change orders to Yates. The total amount of the change orders totaled $37,906.00. Each change order was ultimately approved in the manner provided for in the Subcontract Agreement and/or otherwise.

11. Additionally, due to various errors and/or omissions of Yates, Plaintiff was required to submit additional invoices to Yates, including an invoice for storage and care of live trees, plants and/or other landscaping items necessary to complete the work on the Project. These invoices were noticed to and ultimately approved by Yates in accordance with the Subcontract Agreement and/or otherwise. The total amount of the additional invoices totaled $25,803.16.

12. Due to the change orders and additional invoice costs absorbed and/or incurred by Plaintiff, the new subcontract sum due and owing Plaintiff as of November 2013, was $294,509.16.

13. Plaintiff substantially completed work on the Project in or about November 2013. Although Plaintiff applied for and was approved for a partial payment in August 2013, the partial

payment was not made by Yates to Plaintiff until November 2013. The total amount of the partial payment was $111,249.00. This is the only payment ever received by Plaintiff concerning the Project.

14. During its work on the Project, Yates applied for and was approved for various landscaping and irrigation payments by Auburn University. Yates received these payments as required under its Contract with Auburn University. However, Yates failed and/or refused to tender these payments to Pro Lawns as required under the Subcontract Agreement; instead, Yates received the use and benefits of these state monies, while failing to pay its subcontractors, including Plaintiff.

15. Following substantial completion of its work on the Project, Plaintiff submitted a final pay request to Yates in the amount of $183,287.16. Said amount constitutes the total amount due to Plaintiff under the Subcontract Agreement, after all credits and setoffs. Yates failed and/or refused to tender any payment.

16. On March 24, 2014, counsel for Plaintiff made demand against the bonds held by F&D and Travelers in favor of Yates in the amount of $183,287.16. (Ex. A.)

17. On May 16, 2014, F&D notified counsel for Plaintiff that Yates declined to make any further payments in connection with Plaintiff's work on the Project. (Ex. B.) Specifically, F&D claimed that Plaintiff's claims for the change orders and additional invoices were not approved by Yates, and that Yates was reducing any further amounts owed by a workforce supplementation claim in the amount of $87,763.43. (*Id.*)

## COUNT I
## VIOLATION OF ALA. CODE § 39-1-1(b)

18. Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

19. This action is brought pursuant to ALA. CODE § 39-1-1(b) (1975) (the "Little Miller Act").

20. Because the Project concerned Yates' contracting with a state academic institution, the provisions of the Little Miller Act are applicable to the dispute between Plaintiff and Yates.

21. Plaintiff performed the work as directed and has invoiced Yates for the work and materials supplied in the prosecution of the work.

22. The date on which the last labor, material and equipment was supplied by use of Plaintiff was on or about November 15, 2013.

23. After credits and setoffs, Yates has not paid Plaintiff $183,287.16 for work and materials supplied in the prosecution of the work.

24. Defendants, as co-sureties on Yates' bonds, are liable for the same.

25. All conditions precedent to bringing and maintaining this action have occurred. Furthermore, because Defendants have failed to pay the amounts in question after proper 45-day notice, Plaintiff seeks an award of attorneys' fees pursuant to Ala. Code § 39-1-1(b).

WHEREFORE, Plaintiff demands judgment against F&D and Travelers, jointly and severally, in the amount of $183,287.16, plus interest, costs and attorneys' fees, in an amount determined by a trial jury.

## COUNT II
## VIOLATION OF ALA. CODE § 41-16-3

26. Plaintiff adopts each and every allegation contained in the preceding paragraphs as if the same were set forth fully herein.

27. This action is brought pursuant to ALA. CODE § 41-16-3 (1975).

28. Because the Project concerned Yates' contracting with a state academic institution, the provisions of ALA. CODE § 41–16–3 are applicable.

29. Plaintiff performed the work as directed and has invoiced Yates for the work and materials supplied in the prosecution of the work.

30. The date on which the last labor, material and equipment was supplied by use of Plaintiff was on or about November 15, 2013.

31. After credits and setoffs, Yates has not paid Plaintiff $183,287.16 for work and materials supplied in the prosecution of the work.

32. Defendants, as co-sureties on Yates' bond, are liable for the same.

33. All conditions precedent to bringing and maintaining this action have occurred.

WHEREFORE, Plaintiff demands judgment against F&D and Travelers, jointly and severally, in the amount of $183,287.16, plus interest, costs and attorneys' fees, in an amount determined by a trial jury.

Respectfully submitted this the 2nd day of June 2014.

_____
One of the Attorneys for Plaintiff

**OF COUNSEL:**
Robert G. Poole (POO014)
Jonathan K. Corley (COR049)
WHITTELSEY, WHITTELSEY, POOLE & CORLEY, P.C.
Post Office Box 106
Opelika, Alabama 36803–0106
Tel.:   (334) 745–7766
Fax:   (334) 745–7666
E-mail: bpoole@wwp-law.com
          jcorley@wwp-law.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

_____
Jonathan K. Corley

**Serve Defendants via Certified Mail as follows:**

Fidelity and Deposit Company of Maryland
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Travelers Casualty and Surety Company of America
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104